IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

THE NEW MEXICO OFF-HIGHWAY
VEHICLE ALLIANCE, a New Mexico
nonprofit corporation,

        Petitioner,

        v.                                    Civil Action No.1:12-cv-01272 WJ-LFG

UNITED STATES FOREST SERVICE,
an agency of the United States
Department of Agriculture, THOMAS
TIDWELL, in his official capacity as
Chief of the United States Forest Service,
MARIA T. GARCIA, in her official
capacity as Santa Fe National Forest
Supervisor, GILBERT ZEPEDA, in his
official capacity as Southwestern Region
Deputy Regional Forester, UNITED
STATES DEPARTMENT OF
AGRICULTURE, and TOM VILSACK,
in his official capacity as Secretary of the
United States Department of Agriculture,

        Respondents.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO INTERVENE

THIS MATTER comes before the Court upon a Motion to Intervene filed by the Center for Biological Diversity, WildEarth Guardians, and the Sierra Club (collectively, "the Center"), on February 11, 2013 (**Doc. 19**). Having reviewed the parties' briefs and applicable law, I find that the motion is not well-taken and shall be denied.

### BACKGROUND

This case was brought under the National Environmental Policy Act, 42 U.S.C. §4321 et seq. ("NEPA"). In an effort to address the threats posed by off-highway vehicle ("OHV") use on the Santa Fe National Forest ("Forest"), the federal Defendants/Respondents ("Forest Service")

set out to prepare a new Travel Management Plan ("Travel Plan") for the Forest in 2007. The new Travel Plan would manage OHV use on the Forest and designate specific roads, trails, and areas for motorized use in an area covering approximately 1.6 million acres in New Mexico. Petitioner in this case seeks review of the Forest Service's Travel Plan as a final agency action under NEPA.

## DISCUSSION

The Center participated in the planning process for the new Travel Plan. In the instant motion, the Center seeks to intervene as defendants in this lawsuit to ensure that its interests are represented, under either Fed.R.Civ.P. 24(a)(2) ("intervention as of right") or Rule 24(b) ("permissive intervention").

## I.      Legal Standard

Under Fed.R.Civ.P. Rule 24(a), upon timely application, the Court "must" permit an applicant to intervene when the applicant claims an interest in the action, and the applicant is so situated that disposition of the action may impair or impede the applicant's ability to protect that interest, and existing parties do not adequately represent the applicant's interest. While Rule 24(a) does not specify the nature of the interest required for intervention as a matter of right, the Supreme Court has held that "what is obviously meant . . . is a significantly protectable interest." *Donaldson v. United States*, 400 U.S. 517, 531 (1971). The Tenth Circuit requires that the interest be "direct, substantial, and legally protectable." *Utah Assoc., of Counties v. Clinton*, 255 F.3d 1246, 1251 (10th Cir. 2001) (quoting *Coalition of Ariz./N.M. Counties for Stable Economic Growth v. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996)). Rule 24(b) permits the court to allow an applicant to intervene where the applicant has a claim or defense sharing common questions of law or fact with the main action.

Neither Plaintiff, the New Mexico Off-Highway Vehicle Alliance ("NMOHVA") nor the Forest Service takes a position on the matter.

## II.     Intervention As of Right

The Court agrees with the Center's statement that the motion is timely.  The Center contends that it has a legally protectable interest relating OHV management, as the "property or transaction that is the subject of the action."  Under Fed..R.Civ.P. 24(a), the applicant must have an interest that could be adversely affected by the litigation.   The Center also claims that its interests might be impaired if it is not allowed to intervene, and that the Forest Service does not adequately represent its interests. Specifically, the Center contends that denying its motion to intervene would adversely affect the Center's ability to protect and defend the natural resources of the Forest.  If the new Travel Plan cannot be implemented, then the Forest would be left without protections regarding OHV use until a new travel decision is made—which could take years.

The Center claims that its concern about the environmental effects and potential environmental damage arising from OHV traffic on public lands constitutes a legally protectable interest under Rule 24(a).  This contention appears to be supported by case law.  *See San Juan County, Utah v. U.S.*, 503 F.3d 1163, 1199 (10th Cir. 2007) (Kelly, J., concurring); *WildEarth Guardians v. National Park Service,* 604 F.3d 1192 (10th Cir. 2010) (prospective intervenor's environmental concern is a legally protectable interest).  The Tenth Circuit has observed that the same environmental concern which gives an environmental group standing to bring a lawsuit against a government agency would also constitute a legally protectable interest.  *San Juan County,* 503 F.3d at 1199.

The Center relies heavily on the *San Juan County* case, which was a quiet-title dispute between the federal government and San Juan County over whether the county had a valid right of way over a dirt road in Canyonlands National Park. The Tenth Circuit found that while the proposed intervenor, comprised of several conservation groups collectively referred to as "SUWA," did not claim that it had title any of the land in question, nevertheless, the majority on the panel concluded that it was "indisputable that SUWA's environmental concern is a legally protectable interest" and that disposition of the action could "as a practical matter impair or impede" SUWA's ability to protect that interest. 503 F.3d at 1199, 1201 (concluding that environmental group's interest in litigation was "strengthened" upon consideration of the public interests at stake). [1]

The Court takes no issue with the Center's ability to successfully meet the portions of Rule 24(a) which require a showing of a legally protectable interest, and that its ability to protect that interest would be impaired without intervention. The Court's ultimate finding here rides on whether the Center's interests are adequately represented by an existing party in this lawsuit, namely, the Forest Service. *See San Juan County,* 503 F.3d at 1203 ("Even if an applicant satisfies the other requirements of Rule 24(a)(2), it is not entitled to intervene if its 'interest is adequately represented by existing parties.'").

The requirement of Rule 24(a)(2) is satisfied if the applicant shows that the representation of his interest "may be' inadequate, and "the burden of making that showing

---

[1] In the end, the Tenth Circuit Court of Appeals in *San Jan County* denied the motion to intervene on the grounds that the government would adequately represent the groups' interest.. However, the minority on the panel disagreed, concluding that SUWA had made an adequate showing that the government may not adequately represent its interest. 503 F.3d at 1227. It is also worth noting that the concurrence in *San Juan County*, while joining in the holding of the majority opinion denying the motion to intervene, differed with the majority's definition of "interest." The concurrence noted that the "interest" was contingent at best, in that it was implicated only if the county obtained a favorable ruling, and if the county later decided to open the road to traffic, which was a decision that would not be affected by the lawsuit "in any way." *Id.* at 1208. Further, the concurrence found that SUWA's interest was *not* related to the property rights at stake, which was title to the road, not the land on which it sat.

should be treated as minimal." *Trbovich v. United Mine Workers of America,* 404 U.S. 528 (1972), cited in *San Juan County,* 503 F.3d at 1204.  However, this precedent does not apply when interests are aligned, and instead, a general presumption exists that representation is adequate "when the objective of the applicant for intervention is identical to that of one of the parties."). 503 F.3d at 1204 (citing *Bottoms v. Dresser Indus., Inc.,* 797 F.2d 869, 872 (10th Cir.1986)).  The Tenth Circuit has noted that this presumption of adequate representation applies when the government is a "party pursing a single objective." *Id.*

The Center claims that the NMOHVA does not adequately represent its interests.  This seems to be a sensible statement, given that Plaintiff's interest is to reduce or eliminate restrictions on OHV use on the Forest.  However, the Center also argues that the Forest Service will not adequately represent its interests, either—and this does not make sense to the Court.  In designing and attempting to implement a Travel Plan which intends to curb the use of OHV on forest land, the Forest Service appears to be taking the position of environmental groups (such as the Center) voicing a concern for the environmental effect of OHV use on national forest land. Thus, the interests of the Forest Service are the same as the interests of the Center.[2]

The Center contends that the interests of the Forest Service are not aligned with its own interests.  It argues that the Forest Service represents a "broader public interest" in that it must represent the interests of the entire public, including OHV users such as members of the NMOHVA.   However, the Forest Service's position in this case supports a Travel Plan designed to limit OHV use in the Forest.  Thus, the only OHV users whose interests would be represented by the Forest Service are those who support the Travel Plan for OHV use.  This is

---

[2]  The Petition asserts that the Travel Plan adversely affects and injures Plaintiff and its members "through the wrongful prohibition of motorized access and motorized recreation on roads and trails" in the forest.   Pet.,¶2.

the same interest espoused by the Center.  Accordingly, the Center's motion to intervene under Rule 24(a) is denied.

## II.     Permissive Intervention

Intervention is allowed within the discretion of the court under Rule 24(b) if the proposed intervenor has a "claim or defense that shares with the main action a common question of law or fact."  Fed.R.Civ.P.24(b).  The grant of permissive intervention lies within the discretion of the district court.  *Kane County, Utah v. U.S.*,  597 F.3d 1129, 1135 (10th Cir. 2010).

The Center contends that it meets the requirements of Rule 24(b) because it seeks to defend that Forest's travel management planning decision and therefore will address questions of law and fact in common with those raised in Plaintiff's complaint.

The defense of the Forest Service's Travel Plan, in the form of the Forest Service's response to the Petition, is not due until August 12, 2013.  *See* Doc. 32.   However, it is safe to assume that the Forest Service's position will support a conservation interest, as well as public safety.   The Center points out that some of its members live and work in New Mexico, and who regularly recreate on the Forest, and thus, the Center has some stake in how this case is resolved.  However, this is the same concern that would be shared by any other individual who cares about preserving the forest as a natural resource.  *Cmp., Kane County, Utah v. U.S.,* 597 F.3d 1129, 1136 (10th Cir. 2010) (affirming denial of motion to intervene under Rule 24(b) where district court concluded that environmental group would not be offering any claim or defense in the action that was "different from any other member of the public who cares deeply about the outcome of [the] litigation.").  Also, the fact that the Center participated in the development of the Travel Plan does not in itself mean that it has a claim or defense which it shares with the main action.  The Center is an interested party, in the most common meaning of the term.

Allowing the Center to intervene would "be an invitation to any member of the public who holds strong views about the outcome to seek to intervene." *Id.*   The Court is confident that the Forest Service will provide the Court with ample information and legal authority to support its position in this matter, and finds that additional briefing would not be helpful and perhaps may even distract from the issues at the center of this litigation.  The motion is denied under Rule 24(b) as well.

**THEREFORE,**

**IT IS ORDERED** that the Center's Motion to Intervene **(Doc. 19)** is hereby DENIED for reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE